IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Dwayne Justice, | No. CV-18-03144-PHX-RCC (EJM) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On December 22, 2020, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") recommending the Court deny Petitioner Craig Dwayne Justice's Petition for a Writ of Habeas Corpus. (Doc. 19.) The parties were given fourteen days to file objections, an additional fourteen days to respond, but no replies were permitted. (*Id.* at 78.) After a non-conforming objection and impermissible reply, the Court indicated that it would consider Petitioner Craig Dwayne Justice's amended objections to the R&R (Doc. 31) and the response only. (Doc. 36.) The Court has reviewed the Amended § 2254 Habeas Petition (Doc. 7), Respondents' Answer (Doc. 14), Petitioner's Reply (Doc. 17), Magistrate Judge Markovich's R&R (Doc. 19), Petitioner's Amended Objections to the R&R (Doc. 31) and Respondents' Response to Petitioner's Objections (Doc. 33). Upon de novo review of Petitioner's objections, the Court adopts the findings and conclusions in the R&R (Doc. 19) and denies Petitioner's amended § 2254 Habeas Petition (Doc. 7).

///

## I. Standard of Review: Magistrate Judge's R&R

The standard of review of a magistrate judge's R&R is dependent upon whether or not a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court "must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

## II. Objections

### a. General Objections

First, Petitioner states he "objects to all adverse rulings in the Report and Recommendation" and generally asserts that his objection stems from the arguments contained in his petition. (Doc. 31 at 2.) This is an unacceptable basis for objection, requiring the Court to formulate Petitioner's arguments for him and search throughout various filings to locate his previous arguments. Fed. R. Civ. P. 72(b) (objections must be specific); *see Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Magistrate Judge Markovich conducted a detailed, 78-page analysis of Petitioner's claims. The Court finds his analysis and conclusions well-reasoned. The Court will not reconstrue Petitioner's objections or analyze general arguments that do not address specifically how the Magistrate's factual and legal determinations were in error. The Court will only address specific objections to the Magistrate Judge's R&R.

### b. Ground Two (e) & Ground Three (c): Presentment of Sun Visor Evidence

Petitioner next claims that the Magistrate Judge erroneously interpreted the facts regarding his ineffective assistance of counsel ("IAC") and prosecutorial misconduct

claims in Ground Two (e) and Ground Three (c). (Doc. 31 at 2.) He offers no explanation as to how any alleged misinterpretation undermined the Magistrate Judge's conclusions.

Magistrate Judge Markovich explained, in Ground Two (e):

> Petitioner alleges that trial counsel was ineffective for failing to file a motion in limine to preclude the State from introducing the sun visor at trial when counsel knew about the sun visor before trial. In his second PCR petition, Petitioner argued generally that trial counsel was ineffective for failing to request sanctions for the State's failure to complete discovery and disclose evidence but did not make any specific arguments regarding trial counsel's alleged ineffectiveness and the sun visor. In his petition for review to the [Court of Appeals (COA)], Petitioner argued that trial counsel was ineffective for failing to object to the State's alleged late disclosure of the sun visor. Thus, Petitioner's claim to the COA is distinct from the claim that Petitioner now makes on habeas—that counsel was ineffective for failing to file a motion in limine to have the evidence precluded. Moreover, Petitioner failed to raise the claim in his Rule 32 petition, depriving the trial court of the opportunity to address and correct the alleged violation of Petitioner's constitutional rights. Accordingly, Ground Two (e) is unexhausted because Petitioner failed to properly present it to the state courts in a procedurally appropriate manner.

(Doc. 19 at 30 (citations omitted).)

For the District Court to review a writ of habeas corpus, a petitioner must show he has exhausted his state remedies by fairly presenting the same issues to the state's highest court. 28 U.S.C. § 2254(b)(1)(A); *see also Coleman v. Thompson,* 501 U.S. 722, 731 (1991). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor,* 404 U.S. 270, 275 (1971). The exhaustion requirement makes certain that the state courts are given an opportunity to address constitutional violations without the federal court's intrusion. *Rose v. Lundy,* 455 U.S. 509, 515 (1982). Failure to exhaust may lead to dismissal. *Gutierrez v. Griggs,* 695 F.2d 1195, 1197 (9th Cir. 1983). To fairly present a claim, petitioner must "describe[] the operative facts and legal theory upon which his claim is based." *Duncan v. Henry*, 513 U.S. 364, 370 n.1 (1995) (quoting *Tamapua v. Shimoda*, 796 F.2d 261, 262 (9th Cir. 1986)). Therefore, "[i]neffective assistance claims different from those presented to the

state courts are precluded from consideration on habeas corpus review." *Date v. Schriro*, 619 F. Supp. 2d 736, 788 (D. Ariz. 2008) (citing *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305–06 (9th Cir. 1996); *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005) (Exhaustion "allows a petitioner who presented a particular claim . . . to develop additional facts supporting that particular claim," but "[t]his does not mean . . . that a petitioner who presented any ineffective assistance of counsel claim below can later add unrelated alleged instances of counsel's ineffectiveness to this claim."); *Gulbrandson v. Ryan*, 738 F.3d 976, 992–993 (9th Cir. 2013) (same).

Petitioner argues the merits of his IAC claim, but does not address how the Magistrate Judge erred when he determined that the specific legal theory in Ground Two (e) was unexhausted, nor does he demonstrate that Ground Two (e) was exhausted.

For Ground Three (c), the Magistrate Judge explained this ground was technically exhausted but procedurally defaulted, stating:

> Petitioner alleges that the prosecutor admitted mistakes were made and vouched for the State's incomplete investigation. Petitioner did not raise this claim on direct appeal but did allege the claim in his PCR proceedings and petition for review to the COA. Thus, because Petitioner fairly presented this claim to the state courts in a procedurally appropriate manner, the claim is exhausted. However, the claim is nevertheless procedurally defaulted because the Rule 32 court applied an express procedural bar when it found that all of Petitioner's prosecutorial misconduct claims were precluded as waived by Rule 32.2(a)(3) because they could have been raised earlier.

(Doc. 19 at 34.)

In addition to failure to exhaust a claim, a procedural default also precludes review in habeas. Unlike exhaustion, wherein a federal claim has never been presented in the state court, a procedural default occurs when "a state court has been presented with a federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred." *Casset v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (internal citations omitted).

Federal courts "will not review a question of federal law decided by a state court if

- 4 -

the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 728. This is true whether the state law basis is substantive or procedural. *Id.* Federal courts are prohibited from review in such cases because they have "no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Id.* Arizona "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits." *Stewart v. Smith*, 536 U.S. 856, 860 (2002).

Plaintiff's arguments for Ground Three (c) do not confront how the Magistrate Judge erred in determining that the federal court could not provide relief because the state court appropriately dismissed the claim on adequate and independent state grounds. The Court, therefore, agrees with Judge Markovich's position that Ground Three (c) was procedurally defaulted.

However, a district court may excuse an unexhausted or procedurally defaulted claim and consider the merits in limited circumstances. To do so, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). "Cause 'must be something external to the petitioner, something that cannot fairly be attributed to him." *Id.* (quoting *Coleman*, 501 U.S. at 753)).

Here Petitioner has provided no cause for his failure to raise either Ground Three (c) or Ground Two (e) in a timely manner and has not demonstrated that even if counsel had acted in the manner Petitioner desired, that the outcome would have been different. Even if the Court considered Petitioner's cause and prejudice arguments contained within his briefings fail for the reasons stated in the R&R. (*See* Doc. 19 at 40–46.) Therefore, Petitioner is not entitled to relief on these grounds.

///

### *a. Ground Two (a)–(c) & Ground 4: Cause and Prejudice*

Petitioner next objects to the Magistrate Judge's conclusion that Petitioner had not shown cause or prejudice excusing his procedural default of Grounds Two (a) through (c) and Ground Four. (Doc. 31 at 6.) Grounds Two (a) through (c) asserted that trial counsel violated his constitutional rights by ineffectively (a) failing to "secure key witness Cheryl Laughlin for trial," (b) "failing to subpoena and secure" witness Jerry Steiner for trial, and (c) failing to object to the absence of witness Kendrick John at trial. (Doc. 7 at 7–9.) Ground Four also alleged his Fourth, Fifth, and Sixth Amendment rights were violated when he was unable to confront witnesses Laughlin, Steiner, and John at trial. (*Id.* at 17.) The Magistrate Judge concluded that part of Ground Two (a), (Doc. 19 at 27–28), Ground Two (b), (*id.* at 28–29), and Ground Four, (*id.* at 34–37), were unexhausted and procedurally defaulted. The Magistrate Judge also determined Plaintiff had not shown cause for the default or resulting prejudice, nor did he demonstrate his actual innocence. (*Id.* at 39–50.)

Plaintiff's objection does not address how the Magistrate's erred when concluding that part of Ground Two (a), Ground Two (b), and Ground Four were unexhausted and procedurally defaulted. Furthermore, the record reflects that Petitioner did not exhaust these claims.

Regardless, the district court may still consider the merits if Petitioner can show cause and prejudice or that failing to consider the claim would constitute a "fundamental miscarriage of justice." *Boyd*, 147 F.3d at 1126. Prejudice requires a petitioner demonstrate "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (emphasis in original).

In his objection to the R&R, Petitioner claims he has shown cause for defaulting his claims by reiterating his assertions about what occurred during trial, but he does not explain how this prevented him from raising these issues on appeal. (Doc. 31 at 7–8.) A procedurally defaulted claim is precluded from review in habeas unless the petitioner can

show cause for the default and prejudice or demonstrate that failing to consider the claim would cause a "fundamental miscarriage of justice." *Dretke*, 541 U.S. at 393. "Cause" is a legitimate excuse that ordinarily relies on circumstances objectively unrelated to petitioner. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner's objection provides no cause for his default. Also, as stated previously, any prior arguments about cause are not persuasive. (*See* Doc. 19 at 40–46.) Upon review, Petitioner also has not shown actual prejudice occurred. For the reasons stated in the R&R, is unlikely that even if counsel had acted in accordance with Petitioner's desires, that the outcome would have been different.

### a. *Exhausted Portion of Ground Two (a) is Non-Meritorious*

The Magistrate Judge recommended dismissing the exhausted portion of Ground Two (a), which claimed trial counsel was ineffective "for failing to secure []Laughlin as a witness or object to her absence at trial." (Doc. 19 at 55.) The Magistrate Judge noted that the trial court had concluded counsel's performance was not deficient under the *Strickland* standard and Petitioner had not shown prejudice. (*Id.* at 52.) Specifically, the trial court stated, "given Defendant's theory of the case—that he confronted two intoxicated individuals who attempted to carjack his wife's car and yet somehow he ended up being driven from the scene by one of the carjackers in the carjackers' truck— showing prejudice is virtually impossible." (*Id.* at 53 (citing Ex. UU at 174).) The Arizona Court of Appeals affirmed the trial court's decision without analysis of this specific IAC claim. (*See* Ex. DDD.)

Similarly, the Magistrate explained Ground Two (a) was non-meritorious because "the state court's finding that Petitioner's claim that trial counsel was ineffective for failing to secure Laughlin as a witness or object to her absence was without merit is supported by the record before this Court and was not an unreasonable application of *Strickland*." (Doc. 19 at 55.) Moreover, the Magistrate Judge indicated Petitioner's belief that Laughlin's testimony would bolster his case was purely speculative. (*Id.*) In addition, the Magistrate Judge found counsel's failure to object to the witnesses' absence did not constitute deficient representation because it was unlikely Laughlin's testimony would

1  not have been favorable since Laughlin was the prosecution's witness and Laughlin had
2  minimal information about the incident. (*Id.* at 55–56.) Thus, the state court's
3  determination that trial counsel was not ineffective "was not an objectively unreasonable
4  application of *Strickland*" and Petitioner had not shown a substantial likelihood the
5  outcome would have been different. (*Id.* at 56–57.) The Magistrate Judge therefore
6  recommended that this Court deny Ground Two (a). (*Id.* at 57.)

   The Court agrees with the Magistrate Judge that the state court's *Strickland* analysis was reasonable and even if counsel's actions were deficient Petitioner has not shown prejudice.

### a. Ground Six: Ineffective Assistance of Appellate Counsel

Finally, Petitioner states, "If the court finds that appellate counsel failed to raise and argue prosecutor misconduct, then you should also find the undersigned was deprived of effective assistance on direct appeal . . . ." (Doc. 31 at 10.) Petitioner's broad statement offers no insight into what findings of the Magistrate Judge's opinion he believes are wrong or why any error would entitle him to relief. As stated previously, objections must be specific, and the Court will neither speculate nor make arguments for Petitioner. *See* Fed. R. Civ. P. 72(b).

The Court agrees with the findings and conclusions in the R&R, including the portions to which Petitioner objects.

///
///
///
///
///
///
///
///
///

Accordingly, IT IS ORDERED Magistrate Judge Eric J. Markovich's Report and Recommendation is ADOPTED. (Doc. 19.) Petitioner Clinton Dewayne Justice's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is DENIED and this matter is DISMISSED with prejudice. (Doc. 7.) The Clerk of Court shall docket accordingly and close the case file in this matter.

IT IS FURTHER ORDERED pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 11th day of January, 2022.

_____
Honorable Raner C. Collins
Senior United States District Judge